IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIO J. BEASLEY, Sr.,

    Petitioner,

v.                                      CIVIL ACTION NO. 2:10cv121
                                          (Judge Bailey)

TERRY O'BRIEN, Warden of U.S.P. Hazelton,

    Respondent.

**REPORT AND RECOMMENDATION**

**I.  BACKGROUND**

On November 3, 2010, 2010, the *pro se* petitioner, Terry O'Brien, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on November 15, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.  FACTS**

On April 23, 2003, a grand jury in the Eastern District of Tennessee returned a four-count indictment charging the petitioner as the sole defendant in Counts One, Two, and Four in connection with two Hobb Act robberies in violation of 18 U.S.C. § 1951, and in Count Three with possessing a firearm in relation to the robbery charged in Count Two, in violation of 18 U.S.C. § 924(c). Pursuant to a plea agreement, the petitioner pleaded guilty on August 11, 2005, yto Counts Two, Three, and Four, with the agreement that Count One would be dismissed. He was sentenced on December 3, 2005, as a career offender under United States Sentencing Guidelines ("U.S.S.G.) § 4B.1, because he had at least two prior felony convictions involving violent crimes. After receiving a three (3) level reduction for acceptance of responsibility, the petitioner's guidelines were 151 to 188 months, but with the 60 months added for

1

the firearm offense, his guidelines were 211 to 248 months. The petitioner was sentenced to concurrent terms of 171 months for Counts Two and Four, followed by the statutorily mandated 60 months for the § 924(c) conviction in Count Three. See 1:03-cr-00106 (United States District Court Eastern District of Tennessee). The petitioner's projected release date is May 17, 2021.[1] Upon his release, he will be under supervised release for a term of five (5) years. Id.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner states three grounds for relief:

> 1. His conviction in the State Court of Tennessee for attempted arson did not qualify as a crime of violence for career offender purposes.
>
> 2. His pre-trial suppression motion was never heard.
>
> 3. The government materially breached the plea agreement by advocating for the imposition of the Career Offender Enhancement.
>
> 4. The sentencing court violated the Gun Statute by enhancing his federal sentence.

In his claim for relief, the petitioner requests that this court require the respondent to answer the allegations of the petition and asks that he be able to explain the issues in person. In addition, the petitioner indicates that he is "not skilled in the science of law to state the proper relief sought, none other then [sic] the truth under the Color of Law and in reference to the United States Constitution in reference to the Petitioner['s] 5th, 6th 14th Amendment Rights." (Doc. 1-7, p. 7).

### IV. Analysis

#### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than

---

[1]See www.bop.gov

2

its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §§ 1951, 924(c) both remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: November 29, 2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE