# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTONIO J. BEASLEY, SR.,**

    **Petitioner,**

**v().**                      **Civil Action No. 2:10cv121**

**TERRY O'BRIEN, Warden of U.S.P. Hazelton,**

    **Respondent.**

## ORDER

On November 29, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R")(Doc. 11), wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Petitioner filed his objections on December 10, 2010 (Doc. 14).

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the petitioner's Application for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, wherein petitioner attempts to attack the validity of his sentence, were thoroughly considered by Magistrate Judge Joel in his R&R. The Magistrate Judge has recommended dismissal of the petition as the filing of a § 2241 petition is not the proper avenue to attack the validity of a sentence, and petitioner has failed to meet the requirements of any applicable exception. Upon review of the petitioner's objections, this Court finds that the petitioner has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R&R.

More particularly, petitioner appears to argue in his objections that a § 2255 is inadequate or ineffective to test the legality of his detention, thus invoking the "savings

clause." As noted by the Magistrate Judge, the Fourth Circuit has held that a § 2255 is inadequate and ineffective only when three conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See *In re Jones*, 226 F.3d 328, 333-34 (2000).

The petitioner pled guilty to and was sentenced on two counts of Hobbs Act robberies in violation of 18 U.S.C. § 1951, and one count of possessing a firearm in relation to the robbery in violation of 18 U.S.C. § 924(c). As found by the Magistrate Judge in the R&R, the charges for which the petitioner was convicted remain criminal offenses, and the petitioner has not asserted otherwise. Accordingly, the petitioner cannot meet all of the *Jones* elements for utilization of the "savings clause." Petitioner's objections are overruled. Moreover, this Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 11) be, and the same hereby is, accepted. Accordingly, it is

**ORDERED** that the petitioner's § 2241 petition (Doc. 1) shall be, and the same hereby is, **DENIED** and **DISMISSED**. It is further

**ORDERED** that the petitioner's Motions for Appointment of counsel (Doc. 12 and Doc. 16), and Motion for Writ of Habeas Corpus Ad Testificandum (Doc. 15) shall be, and

2

the same hereby are, **DENIED AS MOOT**.  It is further

**ORDERED** that the Clerk shall enter judgment for the Respondent.  It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court.  It is further

**ORDERED** that, if a party should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED**: February 9, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE